Mr. Key, on the same side.

The constitutional objection has been over-ruled in the cases of the Chesapeake & Ohio Canal Co. The act of 1785 has always been acted upon in Maryland.

THE COURT (nem. con.) confirmed the report of the surveyor, and allowed $130 for compensation, namely, 2½ acres at $30, and $55 for fencing.

BARNARD, (ADAMS v.) See Case No. 45.

## Case No. 1,001.
### BARNARD et al. v. CONGER.
[6 McLean, 497.][1]

Circuit Court, D. Michigan. June Term, 1855.

MEASURE OF DAMAGES—CONTRACT OF SALE.

1. Where a person has agreed to deliver a quantity of lumber at specified prices, and he fails to comply with his contract, the plaintiff is entitled to recover in damages the difference in price between the lumber contracted for, and the market price at the place of delivery.

2. If the market price at the place of delivery was as low, or lower, than the price agreed to be paid in the contract, the plaintiff will be entitled to no damages. The rule is, that no damages can be recovered where none have been sustained.

[At law. Action by Barnard and Lock-wood against Conger for breach of a contract to deliver certain lumber. Verdict for defendant.]

Mr. Clark, for plaintiffs.
Emmons & Jones, for defendant.

OPINION OF THE COURT. This action is founded upon a contract for the delivery of five hundred thousand feet of lumber, at Albany, in New York, at certain prices stipulated, dated 19th of April, 1854; to be delivered the same year before the close of navigation, of the first and second quality. The defendant was permitted to deliver, at the prices stated, as he might choose. Thirty-two dollars for the clear, per thousand feet, and twenty-four dollars for the second quality. Two hundred thousand feet of said lumber, which may be delivered, shall be counted at two dollars per thousand feet less than the prices above named, in consideration that the said Barnard & Son advanced to said Conger on the contract the sum of three thousand dollars, they charging interest on said advance from the payment, until the money shall be repaid by the delivery of that amount of lumber. The delivery to be made at the plaintiff's wharf in Albany.

It was proved that in the summer and fall of 1854, the market price of clear lumber was thirty-five dollars per thousand feet; twenty-seven dollars per thousand for the second quality. Other witnesses stated that

[1] [Reported by Hon. John McLean, Circuit Justice.]

in September and October, 1854, lumber sold, first quality for thirty-four dollars per thousand, and second quality for twenty-four dollars. Boat loads sold, at first quality, thirty-two dollars, second quality, from twenty-two to twenty-three dollars per thousand.

The court instructed the jury, that if lumber embraced by the contract was worth more in the market in Albany than the prices stipulated in the contract to be paid to the defendant at the period within which the lumber was to be delivered, the plaintiff was entitled to recover, by way of damages, the difference. But if the price of lumber in the Albany market was as low or lower than the prices agreed to be paid by the plaintiff, he suffered no damage by the failure of the defendant. If the plaintiff with the money in hand, could, in the market at Albany, purchase lumber at the same price that he had agreed to pay the defendant, he was entitled to no compensation, as he sustained no loss.

A sale of lumber in small quantities or by retail, will not fix the prices in the present case; nor would prices paid for a much larger amount than is named in the contract, fix the price. This would bring down the price too low, while the retail price would place it too high. The true rule will be found in such quantities as provided for in the contract, and if you shall find that a purchase could have been made by the plaintiff, at the time the defendant should have delivered the lumber, at the contract or a less price than that agreed to be paid, at the place of delivery, the plaintiff is entitled to no damages.

The three thousand dollars advanced, with the interest, it is understood will be satisfactorily arranged. The jury found a verdict for the defendant.

BARNARD, (DILLON v.) See Case No. 3,915.

## Case No. 1,002.
### BARNARD v. FARWELL.
[Cited in Bradley v. Converse, Case No. 1,776. Nowhere reported; opinion not now accessible.]

BARNARD, (GIBSON v.) See Case No. 5,389.

## Case No. 1,003.
### BARNARD et al. v. HARTFORD, P. & F. R. CO. et al.[1]

Circuit Court, D. Connecticut. Oct. 14, 1878.

EQUITY—PARTIES—ASSIGNEE IN BANKRUPTCY—CROSS BILL.

[1. Under the bankrupt act of 1867, § 2, a circuit court has jurisdiction of a cross bill, filed

[1] [Not previously reported.]